**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KEVIN LAWRENCE, # 07291-043,** <br> *Petitioner* | § <br> § <br> § | |
| | § | **SA-25-CV-01596-XR** |
| **v.** | § <br> § | |
| | § | |
| **DIRECTOR, RESIDENTIAL** <br> **REENTRY MANAGEMENT SAN** <br> **ANTONIO,** | § <br> § <br> § | |
| *Respondent* | § <br> § | |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Before the Court is Petitioner Kevin Lawrence's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (§ 2241), filed with the Court on September 19, 2025, in which he complains of not having been awarded the proper amount of First Step Act (FSA) Federal Time Credits (FTC). (ECF No. 1). Also before the Court is Respondent's Motion to Dismiss, filed with the Court on February 3, 2026, where Respondent contends Petitioner has received all the FSA FTCs to which he is entitled and his § 2241 should be dismissed as moot since he is already on home confinement. (ECF. No. 17).

### I.    Background

Petitioner Kevin Lawrence was convicted by the United States District Court for the Southern District of Mississippi, in case no. 3:17-CR-149, for violations of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute at Least 50 Kilograms, but Less Than 100 Kilograms of Marijuana; and 21 U.S.C. § 841, Possession with Intent to Distribute at Least 50 Kilograms, but Less Than 100 Kilograms of Marijuana. (*See* ECF No. 17-1, Judgment in a Criminal Case, *United States v. Kevin Lawrence*, 3:17-CR-149, S.D. Miss). Petitioner is currently a federal inmate, serving out the balance of his sentence on home confinement in Katy, Texas, with a Projected Release Date (PRD) of October 20, 2026.

Respondent moves to dismiss Petitioner's petition and contends that the Court lacks jurisdiction over Petitioner's § 2241 petition.  Respondent argues Petitioner is already serving out the remainder of his sentence in home confinement and already had his sentence reduced by the maximum twelve months authorized by law. Respondent concludes it is not possible for the Court to grant any further relief.

## II.   Mootness

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). There is no case or controversy, and a suit becomes moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin*, 568 U.S. at 172. Because a moot case presents no Article III case or controversy, "a court has no constitutional jurisdiction to resolve the issues it presents." *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022) (citation omitted).

## III.   Bureau of Prison's (BOP) authority under the First Step Act

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of

the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Accordingly, only the Attorney General, through the BOP, may compute time credits for prisoners. *Wilson*, 503 U.S. at 334–35; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); 18 U.S.C. § 3585(b).

The FSA adjusted the way the BOP calculates good-time credit. It increased the maximum number of days inmates could earn per year from 47 to 54. 18 U.S.C. § 3624(b)(1). It gave prisoners the opportunity to earn ten additional days of time credit for every 30 days of successful participation in specific programs. *Id.* § 3632(d)(4)(A)(i). It also allowed offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of time credits if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii).

But earned time credits are "applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). And the Director may transfer a prisoner into prerelease custody or supervised release only in accordance with § 3624(c). *Id.* So under the applicable statutory scheme, the Director retains the discretion to determine whether a prisoner will (1) receive time credits toward the completion of his sentence, and (2) be placed in a community corrections facility or home confinement.

The FSA grants discretion to the BOP to determine the placement of inmates who have earned enough FTCs to receive a sentence reduction. 18 U.S.C. § 3632(d)(4)(C) ("Time credits

earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." (emphasis added)); *see Girven v. Smith*, No. 4:23-CV-859-P, 2023 WL 8606807, at *1 (N.D. Tex., Fort Worth Div., Dec. 12, 2023) (summarizing FSA time credits for evidence-based recidivism reduction programming). Prerelease custody includes both home confinement and placement at a residential reentry center. 18 U.S.C. § 3624(g)(2). Further, the BOP cannot grant an inmate more than twelve months of supervised release as a sentence reduction for earned time credits under the FSA. 18 U.S.C. § 3624(g)(3); *see Maldonado v. Martinez*, No. 2:23-CV-00983, 2023 WL 8270640, at *1 (W.D. La. Nov. 6, 2023) (same)), *R&R adopted*, No. 2:23-CV-00983, 2023 WL 8264495 (W.D. La. Nov. 29, 2023); *see also Davis v. Rardin*, No. 22-CV-2854, 2024 WL 209172, at *5–6 (D. Minn. Jan. 19, 2024) ("[T]his construction 'aligns with the applicable regulation,' which permits FTCs to be applied toward early transfer to supervised release, not to shortening of supervised release. And finally, allowing FTCs to reduce a term of supervised release would contravene the purpose of supervised release, which 'serves rehabilitative ends distinct from those served by incarceration.'" (collecting cases)).

## IV.    Petitioner's FTC calculations

Petitioner's claim that the BOP has not credited his sentence with the appropriate FTCs is incorrect and his petition is moot, as he has already received the maximum early release benefit under the FSA and has already been transferred to home confinement. Of the FTCs Petitioner has earned, the maximum allowable 365 days have already been applied to reduce his sentence; his PRD has accordingly been advanced by twelve months, from October 20, 2027, to October 20, 2026. Petitioner is not entitled to apply any more than 365 FTCs to reduce his PRD and effectively receive an early release from home confinement. Congress explicitly limited the number of credits

which may be applied for this purpose: If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to § 3583, the Director of the BOP may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under § 3632. 18 U.S.C. § 3624(g)(3). In other words, the BOP may not reduce an inmate's term of incarceration by applying FTCs in excess of 12 months, or 365 days.

For this reason, Petitioner's demand to apply more than the 365 days that have already been conditionally applied to his sentence must be denied. *See, e.g., Frey v. Martinez*, 2:23-CV-0822, 2024 WL 3264823 (W.D. La. Jun. 3, 2024). Because Petitioner has already had his sentence reduced by the maximum twelve months authorized by law and is serving out the remainder of his sentence on home confinement, it is not possible for the Court to grant any further relief.

## V.    Conclusion

In sum, because Petitioner received 365 days of FSA time credit, he is statutorily ineligible for further relief.

It is therefore **ORDERED** that Respondent's Motion to Dismiss is **GRANTED**.

It is further **ORDERED** that Petitioner's § 2241 petition is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is so **ORDERED**.

**SIGNED** this 9th day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5